# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DONNIE RAY ERSCH, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-749-D |
| | ) | |
| THOMAS SCARANTINO, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER OF DISMISSAL

Petitioner, a federal prisoner appearing *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) for initial proceedings. Magistrate Judge Purcell issued a Report and Recommendation [Doc. No. 7] and recommended that the Petition be transferred in part and dismissed in part.

Thereafter, Petitioner moved to dismiss the Petition without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See* Motion [Doc. No. 10]. Petitioner filed his motion prior to the deadline for objecting to the Report and Recommendation.

Under established Tenth Circuit precedent, "[u]nder Rule 41(a)(1)(i), a plaintiff has the absolute right to dismiss without prejudice and no action is required on the part of the court." *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003). As the court of appeals has explained, "once a Rule 41(a)(1) dismissal has been filed, 'the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.'" *Id*. at 1000 (*quoting Duke Energy Trading & Mktg. L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001)); *see also Netwig v. Georgia Pacific Corp.*, 375 F.3d 1009, 1011 (10th Cir. 2004).

The Tenth Circuit has applied Rule 41(a) in habeas cases. *See Ohlander v. Larson*, 114 F.3d 1531, 1536-37 (10th Cir. 1997); *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993). Here, because no respondent has answered or filed a motion for summary judgment, no order of the Court is needed for Petitioner to dismiss his action. Petitioner's filing, which states that he wants the case dismissed, effectuated the dismissal. *See Janssen*, 321 F.3d at 1000; *Netwig*, 375 F.3d at 1010.

IT IS THEREFORE ORDERED that the Clerk of Court shall terminate this action effective July 20, 2015, upon Petitioner's filing of his motion for voluntary dismissal [Doc. No. 10].

IT IS SO ORDERED this 29th day of July, 2015.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE